## Gadberry v. Board of Education of Russell County, et al.

(Decided May 19, 1925.)

### Appeal from Russell Circuit Court.

1. Pleading—Averments of Petition, Affirming Invalidity of Acts of County Board of Education, Held Mere Conclusions of Pleaders.— Averments of petition, asserting invalidity of acts of county board of education, in that they were not approved in writing by the county superintendent of schools, held mere conclusions of pleaders, contradicted by exhibits filed with petition.

2. Evidence—Not Presumed County Superintendent of Schools would Officially Attach Signature as Secretary of County Board of Education to Resolution or Contract of which he as County Superin-

tendent Disapproved.—It will not be presumed that the county superintendent of schools would officially attach his signature as secretary of county board of education to a resolution or a contract of which he as county superintendent of schools disapproved, or as least without indicating such disapproval in some part of the paper.

3. Schools and School Districts—Provision of Statute in Respect to Time of Appeal from Selection of School Site by County Board of Education is Mandatory.—Provisions of statute (Acts 1916, chapter 24, section 113), in respect to time of appeal from selection of school site by county board of education, is mandatory, and strict compliance with the statute must be alleged in petition alleging invalidity of selection of school site by reason of such an appeal.

4. Schools and School Districts—Exhibits Showing Disapproval by County Superintendent of Schools of Selection of School Site by County Board of Education Not Sufficient to Dispense with Allegation Appeal to Superintendent was Taken Within Time Required by Statute.—Copy of order showing disapproval by the county superintendent of schools of the school site selection of the county board of education, or of an order directing the selection of another site, filed as an exhibit, could not supply the omission of an allegation that the appeal to county superintendent from the school site selection of the board, was made within time required by Acts 1916, chapter 24, section 113.

BERTRAM & BERTRAM for appellant.

J. H. STONE, W. A. COFFREY, and PHELPS & ANTLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

By a resolution and order formerly adopted and entered of record November 6, 1922, the Russell county board of education consolidated three common school subdistricts of that county, known as the Jabez, Gadberry and Stephens subdistricts, into one common school district, to which was given the name, "Stephens Consolidated District." At the same meeting, the county board of education, following the passage of a further resolution and entering of an order to that effect, selected and purchased of one, March Ard, as a site for a new schoolhouse to be erected for the use of the Stephens consolidated district, a lot of ground situated therein for which the board of education then received of Ard a proper deed of conveyance; it being provided by the resolution and order that the new schoolhouse, when completed, should take the place of the three schoolhouses previously used, one in each of the three old subdistricts.

By a written contract subsequently made between the county board of education and one J. P. Gaskins, a building contractor, the latter was employed to erect the new schoolhouse in the Stephens consolidated district for the agreed consideration, payable on the completion of the building of $1,050.00, in money and the old schoolhouses previously in use in the former subdistricts.

The written contract contained the plans and specifications for the erection of the new schoolhouse, which was completed as required by the terms of the contract and paid for by the board of education by the delivery to the contractor, J. P. Gaskins, of the three old schoolhouses and $1,050.00, in money as provided therein, which amount was paid by the board of education out of common school funds held by it and appropriated for the purpose.

Thereafter this action was brought in the Russell circuit court against the appellees, county board of education of Russell county, and J. P. Gaskins, contractor and builder of the new schoolhouse in the Stephens consolidated common school district, by the appellant, James Gadberry, a resident citizen and taxpayer of the Stephens consolidated common school district, suing for himself and all other citizens and taxpayers of that district and patrons of its common school, seeking to set aside the action of the Russell county board of education in the matter of selecting the site for a new schoolhouse therein; to recover of the board of education and J. P. Gaskins, for the benefit of the common school fund, the value of the three old schoolhouses and $1,050.00 paid J. P. Gaskins for the erection of the new schoolhouse; and to enjoin the board of education from further expending any part of the common school fund of the Stephens consolidated common school district upon the new schoolhouse erected therein.

The petition contains a statement of the facts recited in the opening of the opinion, and attacks as illegal the acts of the Russell county board of education in consolidating the Stephens, Gadberry and Jabez common school subdistricts of that county into a single district known as the Stephens consolidated common school district; also in selecting and acquiring title to a site for a new schoolhouse in the Stephens consolidated district and causing the new schoolhouse to be erected on such site under the contract made by the board with J. P. Gaskins.

These attacks upon the validity of the acts of the board of education referred to are based by the petition upon the alleged ground that they were not approved in writing by the superintendent of schools in and for Russell county.

It was also alleged in the petition that after the selection of the site for the new schoolhouse in the Stephens consolidated district was made by the county board of education, an appeal was taken from its selection of such site by a majority of the voters and taxpayers of that district to the county superintendent of common schools who, upon the hearing thereof, disapproved of the selection of the site made by the board and ordered it to select another, which it failed to do; and this alleged action of the county superintendent of schools, it was further averred, rendered invalid and of no effect that of the board in selecting the site adopted by it.

The appellees filed a general demurrer to the petition, which the circuit court sustained; and to this ruling the appellants objected and excepted. They declined, however, to plead further, whereupon the court dismissed the petition and from the judgment entered in pursuance of these rulings they have appealed.

With respect to the appellant's contention that the acts of the county board of education were invalid because not approved in writing by the county superintendent of schools, we deem it sufficient to say that the averments of the petition raising this question are nothing more then mere conclusions of the pleaders, which are contradicted by the exhibits filed with the petition, consisting of resolutions or orders of the board of education, showing its action relative to the consolidation of the common school subdistricts; the selection in the consolidated district of the site for the new schoolhouse and its purchase from the owner; the contract with Gaskins for the erection of the schoolhouse thereon; the acceptance of the building upon its completion and the payment to Gaskins of the compensation for its erection fixed by the contract. And all of these exhibits, save one of little importance that he merely attested as a copy, contain the name of the county superintendent of schools written by him beneath that of its chairman, as secretary of the board of education. Which, in the absence of allegation and proof to the contrary, would seem sufficient to show his approval in writing of what was done by that

body; for it cannot reasonably be presumed that he would officially attach his signature as secretary of the county board of education to a resolution or contract of which he as county superintendent of schools disapproved, or at least without indicating such disapproval in some part of the paper. For the reasons stated we see no merit in the appellant's first contention.

The further contention that the action of the county board of education in selecting the site for the new schoolhouse in the Stephens consolidated district, and causing its erection on such site, was disapproved by the county superintendent of schools on an appeal by the voters and taxpayers of that district, is also unsupported by the averments of the petition. It is true, as claimed by the appellant, that chapter 24, section 113, acts of the General Assembly, 1916, admittedly in force when the several acts of the board of education herein complained of were committed, provides that: "A majority of the school electors of any district, within 30 days after the location or site (for a schoolhouse) has been selected by the county board may appeal from the decision of the county board in the location of the schoolhouse, or site for the same, to the county superintendent of the county, whose decision shall be final."

But it will be observed from the language of the section, *supra,* that the appeal allowed the electors of the district from the action of the county board of education in selecting the location or site for the schoolhouse must be taken within thirty days after its selection, and we fail to find from a careful reading of the petition that it is therein alleged that the appeal claimed to have been prosecuted by the electors to the county superintendent from the county board's selection of the schoolhouse site, was taken in that time; and in the absence of an allegation to that effect, we are not authorized to assume that it was so taken. The provision of the statute in respect to the time of taking the appeal is mandatory, consequently a strict compliance with its terms must be alleged.

There was no copy of the alleged order of the county superintendent disapproving the county board's selection of a site, or directing their selection of another, filed with the petition as an exhibit; and had this been done, such exhibit could not have supplied the omission of an allegation of the fact that the appeal was taken in the time required by the statute.

It is our conclusion, therefore, that the petition failed to state a cause of action; hence the action of the circuit court, in sustaining the demurrer of the appellees to the petition and dismissing the action was proper. Wherefore the judgment is affirmed.